**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kyle Howard,

      Plaintiff,

v.

Edward Esner, et al.,

      Defendants.

No. CV-26-03493-PHX-DWL

**ORDER**

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "[W]here the district court has doubts about whether diversity exists, the district court may insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand

that the party alleging jurisdiction justify its allegations by a preponderance of evidence." *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (cleaned up). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The complaint asserts that "Defendant Quantiv Labs LLC is an Arizona limited liability company with its principal office in Arizona." (Doc. 1 ¶ 1; *see also* Doc. 22 ¶ 1.) The complaint further asserts that Quativ "is an Arizona domestic limited liability company, Business ID 23838415, formed on December 11, 2025, with its principal office at 18927 N. 101st Street, Scottsdale, Arizona 85255. Quantiv is registered with the Arizona Corporation Commission under business code 541690 (Other Scientific and Technical Consulting Services). Quantiv was formed by Defendant Esner, non-party Casey Amundson, and Kavan Desai (a former senior procurement consultant of EFI), on the same date that judgment was entered against EFI in the Underlying Action." (Doc. 1 ¶ 7; *see also* Doc. 22 ¶ 7.)

This is inadequate. An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).

Plaintiff must file an amended complaint that affirmatively alleges the citizenship of each member, using the proper legal standard—the amended complaint must include the place of domicile[1] for members who are natural individuals, the place of incorporation and principal place of business for members that are corporations, and, if any of the members are LLCs, the citizenship of each of the member LLC's members must be alleged, again using the proper legal standards.

---

[1] An individual's state of domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 858-59.

…

Accordingly,

**IT IS ORDERED** that by July 15, 2026, Plaintiff shall file an amended complaint establishing the relevant jurisdictional facts, as described in this order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

Dated this 1st day of July, 2026.

Dominic W. Lanza
United States District Judge