**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kyle Howard,<br>Plaintiff,<br>v.<br>Edward Esner,<br>Defendant. | No. CV-26-03493-PHX-DWL<br>**ORDER** |

There are two motions pending before the Court: (1) *pro se* Plaintiff's motion for default judgment (Doc. 34); and (2) Defendant's motion to set aside default (Doc. 35). For the reasons that follow, Defendant's motion to set aside default is granted and Plaintiff's motion for default judgment is denied.

**RELEVANT BACKGROUND**

On July 2, 2026, Plaintiff filed the Third Amended Complaint ("TAC"). (Doc. 24.) In the TAC, Plaintiff asserts claims against Defendant for fraudulent transfer of assets and unjust enrichment. (*Id.* ¶¶ 36-52, 59-63.)

On July 22, 2026, Plaintiff filed a motion to serve Defendant via alternative means. (Doc. 27.)

On July 27, 2026, the Court granted that motion, authorizing Plaintiff to serve Defendant via mail and email. (Doc. 29.)

On August 3, 2026, Plaintiff served Defendant in the manner authorized in the July 27, 2026 order. (Doc. 30 ¶ 4.) Thus, under Rule 12(a)(1)(A)(i), Defendant's deadline to

respond to the TAC was August 24, 2026.

On August 25, 2026, after Defendant failed to respond, Plaintiff filed an application for entry of default, which the Clerk granted the following day. (Docs. 31, 32.)

On August 31, 2026, Plaintiff filed the pending motion for default judgment. (Doc. 34.)

On September 8, 2026, Defendant filed the pending motion to vacate entry of default. (Doc. 35.) Enclosed as an attachment is Defendant's proposed answer. (Doc. 35-1.)

On September 9, 2026, Plaintiff filed an opposition. (Doc. 36.)

The deadline to file a reply has expired and Defendant did not file a reply.

**DISCUSSION**

The Court will begin by addressing Defendant's motion to set aside default. *Bass v. Brown*, 2022 WL 1619033, *1 (D. Ariz. 2021) ("The Court will begin by addressing Defendant's motion to set aside entry of default because, if that motion were granted, Plaintiffs' motion for default judgment would necessarily fail.").

I. Motion To Set Aside Default

A. **Legal Standard**

Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court "may set aside an entry of default for good cause." When determining whether good cause exists, courts consider the three *Falk* factors:[1] "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th

[1] Courts "consistently" refer to these factors as the "*Falk* factors." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011).

Cir. 2010). "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quotation marks omitted).[2] The movant "bears the burden of proving the existence of a justification" to set aside the default. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

As for the first *Falk* factor, a plaintiff is prejudiced if his ability to pursue his claim has been "hindered" due to delay resulting in such tangible harms as the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (citation omitted). "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.* "[M]erely being forced to litigate on the merits cannot be considered prejudicial." *Id.*

As for the second *Falk* factor, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense," but "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (citations omitted). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense"—the truth of those facts is "the subject of the later litigation." *Id.* Nevertheless, "conclusory statements" will not suffice, and a "mere general denial without facts to support it is not enough to justify vacating a default or default judgment." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). "A complete lack of meritorious

---

[2] In *Mesle*, the Ninth Circuit faulted the district court for "omitt[ing] any mention of the 'extreme circumstances' requirement for judgment by default," which was "no minor omission" because "it fundamentally altered the standard, turning the court's attention to everyday oversights rather than to whether there were any extreme circumstances." 615 F.3d at 1091. Nevertheless, the Ninth Circuit subsequently clarified that "[t]he 'extreme circumstances' policy language was intended to remind courts that default judgments are the exception, not the norm, and should be viewed with great suspicion" and that although courts should "keep this policy concern in mind," they are not required "in addition to applying [the] three [*Falk*] factors, to articulate why a particular case presents 'extreme circumstances.'" *United States v. Aguilar*, 782 F.3d 1101, 1106 (9th Cir. 2015). *See also Gregorian v. Izvestia*, 871 F.2d 1515, 1526 (9th Cir. 1989) ("The district court erred in requiring defendants to demonstrate the existence of 'extraordinary circumstances' in addition to satisfying the three-part [*Falk* test] . . . .").

defenses itself constitutes an extreme circumstance." *Aguilar*, 782 F.3d at 1107. Setting aside a default "in the absence of some showing of a meritorious defense would cause needless delay and expense to the parties and court system." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). When the movant makes "no showing of a meritorious defense," it would be "an abuse of discretion to set aside the entry of default." *Id.*

As for the third *Falk* factor, "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (brackets omitted). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (quotation marks omitted). A defendant is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* (citation omitted). "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id.* However, "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions *may* be assumed, and with it, intentionality." *Id.* at 1093 (emphasis added). Thus, the Court "retains the discretion (but not the obligation) to infer intentionality from the actions of a legally sophisticated party and to thereby find culpability." *Idaho Golf Partners, Inc. v. Timberstone Mgmt. LLC*, 2015 WL 1481396, *4 (D. Idaho 2015). "A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011). "[W]here the defendant has a meritorious defense and any prejudice can be cured," a court's finding that the defendant "acted culpably [does] not preclude it, as a matter of

law," from granting relief under Rule 60(b)(1) or Rule 55(c). *Id.*

The decision whether to vacate the entry of default "is committed to the discretion of the district courts" and is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (citations omitted). "The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). "[W]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). The same reasoning applies—with at least as much force—to relief from entry of default. *Mendoza*, 783 F.2d at 945.

B. **Analysis**

The first and third *Falk* factors strongly favor setting aside the default. Defendant has provided a declaration from its counsel, Guy Roll, who avows that on August 3, 2026, after he received an email from Plaintiff containing service of process, he "mistakenly calendared" Defendant's response deadline as August 31, 2026, rather than the correct deadline of August 24, 2026. (Doc. 35-2 ¶ 6.) Mr. Roll further avows that he did not discover the error until August 25, 2026, when he received a copy of Plaintiff's application for default, and that "[t]he failure to timely file the Answer was not intended in anyway to create an advantage for the Defendant[]." (*Id.* ¶¶ 7-8.)

As for the first *Falk* factor, the extremely short delay here has not prejudiced Plaintiff's ability to litigate this case. Plaintiff does not argue otherwise. (Doc. 36 at 6 ["Plaintiff does not rest his opposition on this factor."].)

As for the third *Falk* factor, Defendant's failure to respond to the TAC by the deadline was due to Mr. Roll's calendaring error. Although unfortunate, such an error is excusable. *Cf. Washington v. Ryan*, 833 F.3d 1087, 1099 (9th Cir. 2016) ("[W]here other factors counsel relief, a calendaring mistake and related failure to catch that mistake is no bar to Rule 60(b)(1) relief."). And although Plaintiff criticizes Defendant for not filing an

answer on August 31, 2026 or during the "interval that followed" (Doc. 36 at 5-6), Plaintiff overlooks that once the Clerk entered the default on August 26, 2026, Defendant was barred from taking any action other than moving to vacate the entry of default. 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, § 55:8 (June 2026 update) ("[O]nce the entry of default is made, the party in default cannot answer or otherwise contest liability. Rather, in order to answer, the defendant must show good cause to get the court to set aside the entry of default under Federal Rule of Civil Procedure 55(c), and in the usual case will also then seek leave to serve its answer out of time."). Additionally, Defendant's effort to prepare and file the motion to vacate by September 8, 2026 was reasonably prompt and diligent.

That leaves the second *Falk* factor, under which Defendant "bears the burden of proving . . . the existence of a meritorious defense." *Cassidy*, 856 F.2d at 1415. This burden "is not extraordinarily heavy"—Defendant need only "allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. To that end, Defendant argues as follows:

> Plaintiff's three causes of action against [Defendant] in the TAC are all based on the same alleged circumstances, that [Defendant] received funds that were either fraudulently transferred to him, or that he received unjustly to his benefit and to the detriment of Plaintiff. [Defendant] emphatically denies Plaintiff's allegations. [Defendant] will be able to show that the monies he received went to pay for legitimate businesses expenses, that none of the transfers were "fraudulent," and that he did not personally benefit or profit from any of the alleged transfers.

(Doc. 35 at 3.)

The Court is satisfied that Defendant has done enough to meet his burden under the second *Falk* factor. Although Plaintiff contends that Defendant's assertions are too conclusory because "not one of the fifty-four transfers is matched to an expense, a payee, a date, an invoice, or a document" and because "[t]he Motion does not say what portion, or identify which transfers are covered and which are not" (Doc. 36 at 2-4), such details are not required to establish the existence of a meritorious defense under Rule 55(c).

Plaintiff also asserts that "the proposed defense does not answer the claim even if it is credited" (*id.* at 2, 4-5), but Plaintiff's arguments on this point go, at most, to one of Plaintiff's multiple claims.

For these reasons, the Court chooses, in its discretion, to grant Defendant's motion to vacate the entry of default. Although Defendant complicated matters by providing only a cursory summary of the facts and theory underlying his proposed defense, the bottom line is that Defendant's very short delay in responding to the TAC was understandable, the delay caused no prejudice to Plaintiff, and Defendant has raised questions about whether he has a meritorious defense to at least some components of Plaintiff's claims. Recognizing that "doubt, if any, should be resolved in favor of the motion . . . so that cases may be decided on their merits," *Schwab*, 508 F.2d at 355, the Court concludes that it would be inequitable to maintain the default under these circumstances.

II. Motion For Default Judgment

Because Defendant's motion to set aside the default has been granted, Plaintiff's motion for default judgment requires little additional discussion. It is denied. *Troy-CSL Lighting, Inc. v. Bath Kitchen Decor, LLC*, 2014 WL 12911165, *5 (C.D. Cal. 2014) ("In light of the Court's decision to set aside the entry of default against Defendants, Plaintiff's application for default judgment must be denied. Federal Rule of Civil Procedure 55(b) provides for a court ordered default judgment following entry of default by the court clerk under Rule 55(a). Because this order vacates the clerk's entry of default against Defendants, Plaintiff can no longer meet Rule 55(b)'s procedural requirements for default judgment.") (cleaned up); *Bass*, 2022 WL 1619033 at *1 (same).

…

…

…

…

…

…

Accordingly, **IT IS ORDERED** that:

1. Defendant's motion to set aside default (Doc. 35) is **granted**.

2. Plaintiff's motion for default judgment (Doc. 34) is **denied**.

3. Defendant's filing at Doc. 35-1 shall serve as his operative answer.

Dated this 17th day of September, 2026.

Dominic W. Lanza
United States District Judge